**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 6, 2009

Charles R. Fulbruge III
Clerk

No. 09-50099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN ZUBIATE-IBARRA, also known as Adrian Zubaiate-Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2428-ALL

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Adrian Zubiate-Ibarra appeals the sentence imposed by the district court following his guilty plea to a single-count indictment for illegal reentry after deportation. *See* 8 U.S.C. § 13269(a). Zubiate contends his sentence was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Because the 46-month sentence was within the properly calculated guidelines range, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied,* 129 S. Ct. 328 (2008). The district court was authorized to sentence Zubiate to up to 240 months of imprisonment. *See* 8 U.S.C. § 1326(b)(2). Zubiate had two prior drug-trafficking convictions and an unsatisfactory discharge from probation on one of the prior offenses. He also was previously implicated in alien-smuggling for profit. In sum, the sentence was not an abuse of discretion. *See Gall*, 128 S. Ct. at 597.

Zubiate also maintains his sentence was more harsh than that of a defendant sentenced in a district with an early disposition (fast-track) program. (Zubiate preserved this issue by raising it in his objections to the Presentence Investigation Report.) Zubiate acknowledges this issue is foreclosed by our precedent, *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 624 (2008), but raises it to preserve it for possible review in the Supreme Court.

AFFIRMED.